**Case Nos. 23-2081, 23-2302, 23-2377**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

**CEMEX CONSTRUCTION MATERIALS PACIFIC, LLC,**
Petitioner - Cross-Respondent

v.

**NATIONAL LABOR RELATIONS BOARD,**
Respondent - Cross-Petitioner

v.

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS**,
Petitioner-Intervenor

**DECLARATION OF ROSS M. GARDNER IN SUPPORT OF CEMEX'S MOTION TO EXPAND THE WORD COUNT**

I, Ross M. Gardner, being duly sworn, hereby state as follows from personal knowledge:

1. I am an attorney with Jackson Lewis, P.C. and presently represent CEMEX Construction Materials Pacific, LLC ("CEMEX"), the Petitioner/Cross-Respondent in the above referenced appeal. I also represented CEMEX in proceedings before the National Labor Relations Board (the "Board") that are the subject of the present cross-petitions. I am submitting this Declaration pursuant to Circuit Rule 32-2, in support of CEMEX's motion to expand the word count from 14,000 words to 15,000 words.

2. The proceedings below involved a 24-day hearing before an Administrative Law Judge ("ALJ") during which over 40 witnesses testified and approximately 128 exhibits were admitted. There are 24 volumes (approximately 3,162 pages) of trial transcripts, 58 filings and related rulings in the proceedings below and over 4,000 pages in the

record. Following the hearing, the General Counsel and CEMEX each filed post-hearing briefs exceeding 125 pages to address the numerous issues, and the Charging Party filed an 87-page brief. Thereafter, the ALJ rendered a 127-page decision.

3. CEMEX filed 359 exceptions to the ALJ's decision with the Board, and the General Counsel filed 17 exceptions of their own. The Board allowed CEMEX to file a Brief in Support of Exceptions of 88 pages, and the General Counsel to file an Answering Brief of 100 pages, both of which exceeded the 50 page limit ordinarily allowed.

4. CEMEX takes issue with many of the Board's factual findings and legal rulings, and has identified numerous issues for review by this Court. CEMEX's post-hearing brief to the ALJ was 76,929 words and CEMEX's brief in support of its exceptions before the Board consisted of 28,773 words.

5. Perhaps the most extraordinary reason for exceeding the word limit in this appeal is that the Board devoted a significant portion of its lengthy decision to announcing and applying an unprecedented new standard governing election petitions and bargaining orders. The new standard retroactively imposes a new burden on employers to petition for union elections, together with a new standard for issuing bargaining orders as a result of unfair labor practices, both of which are contrary to extant Supreme Court precedent dating back more than five decades. Responding to the Board's new standard requires a full brief in and of itself and cannot be adequately addressed within the 14,000 word-count normally warranted for an appeal from a single Board Decision.

6. CEMEX also seeks to challenge the Board's Decision on constitutional grounds arising from similar cases now pending in the U.S. Supreme Court and the Court of Appeals for the Fifth Circuit, and additional words are required to address these arguments.

7. Counsel for CEMEX have made diligent efforts to compress their brief as much as possible while still addressing the very large number of substantive issues presented by the unusually lengthy record and the

Board's multiple decisions that overturn long settled labor laws. Despite such efforts, counsel do not believe the arguments can be made within the 14,000 word limit, and that they require 15,000 words.

**I hereby swear under penalties of perjury that the foregoing statement is true.**

_____   _1/29/24_
**Ross M. Gardiner**                Date